PER CURIAM.
Ian Simmons appeals an order purporting to conform a previously appealed contempt order entered against him to this court’s decision in the prior appeal, Simmons v. Royal Floral Distributors, Inc., 685 So.2d 962 (Fla. 4th DCA 1996). As the trial court misinterpreted our prior opinion, we reverse.
Simmons had signed a noncompete agreement with his former employer, Royal Floral. The first numbered paragraph required Simmons to hold in confidence information obtained during his employment about the employer’s business and to deliver any tangible forms of such information to the employer after termination. This paragraph contained no time or place restrictions. The second numbered paragraph restricted Simmons from competing with the employer’s business “within a radius of 200 miles of any office” of the employer, which was located in Dade County, for a one-year period following the termination of employment.
When Simmons left Royal Floral’s employment and began to compete in Dade and Broward Counties, Royal Floral filed suit and secured a temporary injunction restraining Simmons from using information obtained from Royal Floral and from competing with Royal Floral, for a one-year period from the date of the order, from a location within 200 miles of Royal Floral. Simmons then began to conduct his business from Tampa, outside the 200-mile radius. Next, the trial court granted Royal Floral’s motion for order of contempt and prohibited Simmons from soliciting any person or entity that had been a Royal Floral customer during the time Simmons was employed by Royal Floral, without limiting the prohibition to any geographic location.
Because soliciting existing or new customers within the 200-mile radius of Royal Flo *548 ral’s offices would constitute a violation of the second numbered paragraph of the parties’ agreement, and because the record in the prior appeal did not make it clear that none of the customers Simmons was held in contempt for soliciting were located within that area, we affirmed the contempt order, but provided in our earlier opinion that it must be limited to the same geographical area as provided in the agreement and the temporary injunction, remanding for that purpose. 685 So.2d at 962.
On remand the case went before a new trial judge who misinterpreted what we intended. The court added a paragraph to the contempt order which provided that Simmons could conduct a competing business outside the 200-mile radius, but left intact that portion of the contempt order which prohibited Simmons from soliciting all of Royal Floral’s customers who were its customers during the time it employed Simmons. Accordingly, we reverse and remand for the trial court to amend the contempt order to provide that Simmons may solicit customers of Royal Floral within the applicable one-year period, so long as neither his business nor the customers’ business is located within the 200-mile radius.
GLICKSTEIN, KLEIN and SHAHOOD, JJ., concur.